*In re* FLOOD'S ESTATE.

APPEAL OF MONROE.

1. WILLS—FIDUCIARY RELATION—EVIDENCE—UNDUE INFLUENCE.
   That a major portion of estate of an elderly spinster testatrix was left to scrivener, a man of affairs, near neighbor, business consultant and friend of many years, who was asked to draft will after she had suffered serious accident *held,* not sufficient to show he stood in a fiduciary and confidential relation raising rebuttable presumption of undue influence.

2. SAME—NEW TRIAL—FIDUCIARY RELATION—UNDUE INFLUENCE.
    Motion for new trial because court improperly instructed jury
        that burden was on contestant not only to show fiduciary and
        confidential relationship of chief beneficiary but also to show
        such an abuse of that relation as resulted in undue influence
        *held,* properly denied where there was no evidence establishing
        the confidential relation.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted January 25, 1935. (Docket No. 143, Calendar No. 38,249.) Decided March 5, 1935.

Joseph A. Walsh presented the last will of Anna Flood, deceased, for probate. Julia Monroe filed objections thereto. Contest certified to circuit court. Verdict and judgment for proponent. Contestant appeals. Affirmed.

*Richard J. Sullivan,* for appellant.

*Colby, Berns & Costello,* for appellee.

WIEST, J. This is a will contest certified by the probate court to the circuit court for trial, and there tried by a jury, with verdict and judgment sustaining the will.

Anna Flood, the testatrix, was a spinster somewhere between 83 and 87 years of age, a seamstress by occupation, and for many years had lived with another aged seamstress in the city of Detroit. Joseph A. Walsh, a man of affairs, was for many years a near neighbor and had maintained very friendly relations with the old ladies. Testatrix had for many years consulted with Mr. Walsh about her rather meager business affairs. Testatrix suffered a fall in the hall of her home and Mr. Walsh summoned a doctor, a nurse was engaged and a priest called. Realizing her condition, caused by heart trouble, testatrix expressed a wish to have

Mr. Walsh prepare her will, stating to him: "You know you can dispose of my property the way I want it."

Mr. Walsh prepared the will and testatrix executed it late at night, bequeathing her estate of a little less than $10,000 as follows: $1,000 to her aged companion, $300 to a daughter of Mr. Walsh, to whom she was godmother, $200 each to five cousins of her old companion, and the residue of her estate to Mr. Walsh.

Contestant is a niece of testatrix and, upon appeal, claims that:

"Joseph A. Walsh, the principal beneficiary under the will and the person who drafted the same, stood in a confidential relationship at the time the will was executed to the testatrix. The error complained of consists in the court's instructions wherein he charged the jury substantially that if the confidential relationship had been proven to exist, the burden was upon the contestant to establish an abuse of the confidence reposed. It is the contention of the appellant that once the confidential relationship is established, a presumption arises that the confidence was abused, which must be negatived by the proponent."

The court instructed the jury as follows:

" 'Was the will procured by undue influence?' And here again the contestant, who claims that the will was procured by the exercise of undue influence, has the burden of proof."

The court then gave instructions relative to the nature of undue influence and stated:

"In this case it appears that proponent Joseph A. Walsh, who drew the will, was a beneficiary under the will. That circumstance invites careful consideration. It raises a presumption that there was undue influence in procuring the bequest. That

presumption, however, is a rebuttable one. If proponent has successfully challenged it, by rebutting evidence, then the presumption cannot be weighed against the evidence. It then becomes a question of weighing the actual evidence introduced in this case by proponent and contestant without giving any evidential force to the presumption itself.

"In considering this question of alleged undue influence and overreaching, you make take into consideration the fact, if you find it to be a fact, of the fiduciary and confidential relation of the proponent and Anna Flood. By fiduciary and confidential relation as used in this charge is meant a relationship where influence has been acquired and where a party trusts in and relies on another. Where such a relation exists the law requires the utmost good faith in transactions between the parties, and if there is an abuse of the influence and betrayal of the confidence, relief is granted. It is for you to say whether such a relationship existed in this case, and if found to exist, whether there was an abuse of the influence and betrayal of the confidence reposed.

"The burden rests upon the contestant, not only to establish the fiduciary and confidential relationship spoken of, but to establish also an abuse of that influence and betrayal of the confidence reposed."

The jury found, in answer to a special question, that the will was not procured by undue influence.

Contestant moved for a new trial and the court denied the same, being of the opinion that there was no evidence tending to show the existence of a fiduciary and confidential relation and, therefore, the error, if any, in the mentioned instructions was harmless.

We agree with this holding of the circuit judge.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.