*In re* ESTATE OF LOOMIS.

LOOMIS *v.* LOOMIS.

1. WILLS—CODICILS—MENTAL COMPETENCY—EVIDENCE.
    Submission to jury of question of mental competency of testator suffering from cancer at time of executing codicils to his will *held*, error, where there was no evidence of his mental incompetency.

2. SAME—CODICILS—UNDUE INFLUENCE—EVIDENCE.
    Testator, an attorney and bachelor, with no near relatives nearby, who was physically disabled because of cancer but mentally competent *held*, not to have been subjected to undue influence to make codicils in favor of a carpenter and family who ran errands, attended to testator's business affairs under his direction and cared for him, and, since no fiduciary relation existed, evidence of opportunity and, possibly, appeal to testator relative to recompense at his death rather than 20 years later did not raise even a presumption of undue influence.

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted January 17, 1936. (Docket No. 101, Calendar No. 38,782.) Decided March 2, 1936.

Harry R. Loomis presented for probate the last will and two codicils attached thereto of Charles H. Loomis, deceased. Amos Loomis and others objected thereto. Contest certified to circuit court. From verdict and judgment sustaining the will and first codicil thereto, proponent appeals. Reversed and judgment ordered entered sustaining will and both codicils.

*Schmalzriedt, Frye, Granse & Frye* (*Glenn C. Wilber, Jr.*, of counsel), for proponent.

*Marlin J. W. Campbell,* for contestants.

Wiest, J. Charles H. Loomis was an attorney at law, lived and had his office at 1118 Woodland avenue, in the city of Detroit. He was a bachelor, with relatives living in the east. In June, 1924, he executed his will. In July, 1932, he was suffering from a cancer and, as his estate had been greatly diminished by the depression, he altered his will by executing a codicil in which he divided the residue of his estate into eight parts, and constituted Elmer F. Laramie a devisee of two parts, and named him as an additional trustee and executor, reciting that:

"The two parts of my estate devised to said Elmer F. Laramie is to be in full payment of his services to my estate as trustee, and executor, after my death and for any unpaid services he or his family renders before death, if faithfully and ably performed."

The will and this codicil postponed distribution of the residuary shares for 20 years. The physical condition of Mr. Loomis grew worse and finally led to his entering the home of Mr. Laramie for care. Mr. Laramie was a carpenter and general repairman and had moved to property belonging to Mr. Loomis across the street from his office. Mr. Laramie, under direction of Mr. Loomis, attended to the latter's business affairs. At the home of Mr. Laramie, on December 24, 1934, Mr. Loomis executed a second codicil to his will, again devising two shares of his estate to Mr. Laramie, and added one share to Ruth Laramie, the 13-year old daughter of Mr. Laramie, and changed the time for paying for services of Mr. Laramie and his family as follows:

"Since my illness has extended over such a long period of time and since the writing of the first codicil to my will I have found said·Elmer F. Lara-

mie and family always faithful and conscientious in the performance of their duties toward myself and properties.

"1st. I therefore wish to eliminate the last part of paragraph four in codicil No. 1, namely (And for any unpaid services he or his family renders before death, if faithfully and ably performed), and do hereby make it known that I want him and his wife reasonably rewarded for their efforts in my behalf and the care of my properties.

"2d. It is my last will and wish that so long as they remain faithful and able to proceed with the care and maintenance of my estate that they be allowed to do so and to receive special pay for this service and it shall in no wise interfere with the performance of his trusteeship. If, however, should they be rendered incapable to complete the trusteeship it shall in no case alter their right to the two shares allotted them in the distribution of my estate at the end of the 20 years.''

Mr. Loomis died February 14, 1935. When the will and codicils were offered for probate certain relatives of the testator filed notice of contest on the grounds of mental incompetency of the testator and undue influence exercised over him. The contest was certified to the circuit court for trial, was there tried by jury, with verdict sustaining the will and first codicil and invalidating the second codicil. Contestants, at the trial, waived objections to the will. The court, over the objection of proponent, submitted the contests of mental incompetency and undue influence to the jury relative to the codicils. Motions for judgment *non obstante veredicto* and for a new trial were denied.

A careful reading of this record discloses no evidence of mental incompetency and the court was in error in submitting such issue to the jury.

Mr. Loomis had a bad form of cancer in the region of the groin and intestines. His physician, who had known him for four years, and attended him four days before the execution of the second codicil in question, and five days after that, testified:

"His mind was apparently as sound as it was at any other time during my association with him," and—

"*Q.* Did that sound mental condition continue until three or four days of his passing?

"*A.* Anywhere within a week—about a week before he died."

There was no direct nor indirect evidence in contradiction of this testimony. The evidence of undue influence, alleged to have been exercised by Mr. Laramie did not extend beyond opportunity and legitimate concern and possible appeal to testator relative to recompense for services.

There was no fiduciary relation between Mr. Laramie and testator. Testator was mentally competent but physically disabled and hired Mr. Laramie to run his errands, comply with his directions about his affairs, and the family to care for him. It would not constitute undue influence on the part of Mr. Laramie if he urged that testator should provide payment for such hire and services at his death rather than 20 years later. The evidence did not raise even a presumption of undue influence.

We have so often spoken on this subject that we merely now cite: *In re Flood's Estate,* 270 Mich. 655; *In re Estate of Reynolds,* 273 Mich. 71; *In re Reed's Estate,* 273 Mich. 334.

The court should have granted the motion for judgment *non obstante veredicto.*

The judgment is reversed and the case remanded to the circuit court for entry of judgment, probating the will and codicils.  Proponent will recover costs of both courts.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.