E. G. FLOYD, Admr., &c., *v.* JOSHUA HERRING.

An administrator has no estate in the *realty* of the deceased: therefore,

He cannot maintain an action to recover possession of realty, under the proceedings " for the relief of Landlords," authorized by act of 1863, c. 48, and 1864 c. 12.

Where a will is contested, land devised therein vests *ad interim* in the heirs of the deceased.

Where a will was proved in common form, and, because no executor was named therein, administration *cum testamento annexo* was granted: *Held* that upon a contest in regard to such will occurring subsequently, and a consequent revocation of the probate, the previous grant of letters was not thereby necessarily annulled.

(*Ferebee* v. *Proctor*, 2 D. & B. 439; *Etheridge* v. *Corprew*, 3 Jon. 14; *Hyman* v. *Gaskins*, 5 Ire., 267; *Slade v. Washburn*, 3 Ire., 557, approved.)

PROCEEDINGS under the acts for the relief of Landlords, before *Russell, J.*, upon appeal, at Spring Term 1870, of of ROBESON Court.

The defendant was tenant of a house, &c., under a lease by one Griffin, who died in November, 1865, leaving a will, proved in common form at November term 1865 of Robeson

County Court, by which he devised his lands to his widow. No executor being named in the will, administration *cum testamento annexo* was granted to the plaintiff. At August term 1866, a petition was filed by the heirs of the deceased for a re-probate of the will, and thereupon the former probate was revoked at February term 1867, and probate in solemn form ordered, the proceedings in which are still pending. The appointment of the plaintiff as administrator was not revoked.

The defendant having retained possession after his term had expired, the plaintiff commenced proceedings in his own name to turn him out, in September 1866, under the Acts of 1863 c. 12, and 1864 c. 48, and having had a verdict and judgment before the magistrate, the defendant appealed to the Superior Court.

At the trial in the Superior Court, his Honor having intimated that the plaintiff could not recover, there was a nonsuit, and the plaintiff appealed.

*Leitch* and *N. A. McLean,* for the appellant.
*Strange, contra.*

DICK, J. These proceedings cannot be maintained under the Acts of 1863 and 1864, "For the relief of Landlords," for the plaintiff as administrator *cum testamento annexo,* has no interest in the premises. A personal representative has no control of the freehold estate of the deceased; unless it is vested in him by a will, or where there is a deficiency of personal assets and he obtains a license to sell real estate for the payment of debts. The control derived from a will may be either a naked power of sale or a power coupled with an interest. The heir of the testator is not divested of the estate which the law casts upon him, by any power or trust until it is executed: *Ferrebee* v. *Proctor,* 2 D. and B., 439.

The authority given to a personal representative to sell land for the payment of the debts of the deceased, is a mere naked power, and confers no title or interest in the estate. He is merely an agent of the Court and acts under its direction in the execution of the power, and after the sale is made and confirmed, the Court may designate some other person to make the title to the purchaser. Rev. Code, ch. 46, sec. 49.

In this case the land in question was devised by the testator to his widow. There is a pending contest respecting the probate of the will, and no title can pass to the devisee until the will is duly proved and allowed by the proper Court: Rev. Code, ch. 119, sec. 20. The title of the land descended to the heirs of the testator, subject to be divested in favor of the devisee, when the will is duly admitted to probate. In England it is not necessary to the validity of a devise that it be admitted to probate in the Eclesiastical Court. It is regarded as a conveyance and must be duly proved in a Court of Common Law, when the devisee seeks to assert his title against the heir or any other adverse claimant. A devise breaks the descent and passes the title to the devisee immediately upon the death of the devisor. In this country, probate is necessary to the validity of a devise, and until this requisite is complied with, the title to land devised must necessarily pass to the heir, as the fee cannot be in abeyance. In the case before us, as matters now stand, the heirs of the testator can alone take advantage of the acts for the relief of landlords above referred to.

It was also insisted at the bar by the counsel for the defendant, that the plaintiff cannot maintain his suit for the reason that his general letters of administration are null and void, as there is a pending contest respecting the probate of the will, and that the Court only had power under such circumstances to appoint an administrator *pendente lite*.

The will was admitted to probate in common form, and that probate was valid until it was set aside: *Etheridge* v. *Corprew's, Exr.,* 3 Jon. 14. As there was no executor named in the will, the Court had the power to appoint the plaintiff administrator *cum testamento annexo.* As the Court had jurisdiction of the subject matter and the particular case, the appointment is valid until properly revoked: *Hyman* v. *Gaskins,* 5 Ire. 267. The revocation of the probate in common form did not have the effect of annulling the administration which was properly granted. The case of *Slade* v. *Washburn,* 3 Ire. 557, is not analogous to the one before us. In that case the Court exceeded its jurisdiction, and its action was properly declared to be null and void; but in our case the Court acted within the scope of its legitimate authority. If the will is hereafter established in solemn form, there will be no grounds for the revocation of the letters of administration of the plaintiff; but if the will is set aside, the case may be different.

There is no error.

PER CURIAM. Judgment affirmed.