*In re* ALEXANDER.

1. INCOMPETENT PERSONS—PETITIONER'S DISQUALIFICATION—HEAR-
   ING ON MERITS—WAIVER.

On petition under 3 Comp. Laws, § 8709, of one alleging himself to be a second cousin and next of kin, but showing a sister of respondent still living, respondent, on a hearing on the merits, was adjudged by the probate court to be mentally incompetent, and a guardian was appointed. On appeal to the circuit court, respondent for the first time objected to the validity of the petition on the ground that petitioner was not

a relative who would be entitled to share in the distribution of her estate. *Held*, that the objection was waived by respondent's consent to go to a hearing on the merits in the probate court.

2. SAME — APPEAL — SUFFICIENCY OF EVIDENCE — QUESTION FOR JURY.

The sole issue in the circuit court on appeal was the competency of respondent to manage her own affairs; and, it appearing that there was evidence justifying a verdict of mental incompetency, and that the question was submitted under proper instructions, the judgment was affirmed.

Error to Washtenaw; Kinne, J. Submitted February 4, 1904. (Docket No. 83.) Decided May 17, 1904.

Petitions by William S. Savage and Amos E. Lohr for the appointment of a guardian for Adelia Alexander, an alleged incompetent. The petitions were granted in the probate court, and respondent appealed to the circuit; and, being again defeated, she brings error. Affirmed.

Two petitions were filed on the same day in this cause in the probate court for the appointment of a guardian for Adelia Alexander. One was filed under section 8709, 3 Comp. Laws, by one Savage, setting forth that he was a second cousin and next of kin. The other was filed under the provisions of section 8712, by a justice of the peace, alleging that her estate had become so spent, wasted, and lessened as to expose her to danger of want and suffering, and the county and township of which she is a resident to the charge and expense of her support. Both alleged that she was mentally incompetent to have the charge and management of her property and estate. The same day was fixed for the hearing of both petitions. The issue was the same in each, and the hearing was had upon both as one without objection. The sole issue tried before the probate court was her competency. Testimony was taken, and the probate court adjudged her incompetent and appointed a guardian. An appeal was taken to the circuit court under 1 Comp. Laws, § 669.

The reasons for the appeal stated in the petition are that she had once been decreed competent, that she was then competent, and that she had a contract with one Bassett to handle and control her property.   When the case came on for hearing in the circuit court, objection was made to a hearing upon the two petitions, and a motion made to dismiss them.   The court denied the motion, and ordered the case to proceed upon the petition filed under section 8709, 3 Comp. Laws.   Testimony was taken, and a jury found her to be incompetent.   The petitions alleged that the said Adelia Alexander "had, some time ago, a sister living at or near Kansas City, Mo., whose present name and whereabouts are unknown to your petitioner."

*A. J. Sawyer & Son*, for appellant.

*Frank E. Jones* and *M. J. Cavanaugh*, for appellee Savage.

GRANT, J. (*after stating the facts*).   The objection to the validity of the petitions comes too late.   The objections now made to the petitions in the probate court were such as could be waived, and were waived by consenting to go to a hearing upon the merits.   The statute also requires, when an appeal is taken, that the reasons for such appeal be stated.   Parties are not at liberty to raise technical objections on an appeal which were not raised in the probate court or in the petition for appeal. The sole issue in the circuit court under the appeal was the competency of Miss Alexander to manage her own affairs.   The evidence was conflicting, and raised an issue of fact, which the jury have passed upon, the evidence was sufficient to justify the verdict, and the instructions of the court were correct.

The judgment is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred.   MONTGOMERY, J., took no part in the decision.