## DINGMAN v. DINGMAN.

1. WILLS—REVOCATION—STATUTES—EVIDENCE—SUFFICIENCY.
   In a will contest, the fact that an alleged lost or destroyed will contains a clause revoking a former will is not established "by at least two reputable witnesses, having knowledge thereof," under 3 Comp. Laws 1915, § 13789, providing that no revoking clause in an alleged lost or destroyed will and no disposition of property, terms or conditions claimed to be inconsistent with a former will

which has been produced for probate shall be sufficient to defeat or destroy the effect of such former will, unless the legal execution of such lost will and the fact that it contained such revoking clause shall be established "by at least two reputable witnesses, having knowledge thereof," where one subscribing witness, the attorney who drew the later will, affirmatively stated that the later will contained a revoking clause, and the other, his stenographer who typed the later will, had no recollection on the subject.[1]

2. SAME—STATUTES—RETROACTIVE EFFECT.

The statute establishes a mere rule of evidence, and is binding on the trial of a case begun before, but heard after, the act went into effect.

3. SAME—REVOCATION—INCONSISTENT PROVISIONS.

A merely inconsistent provision in a later will destroyed by a testator does not revoke the earlier will.

Error to Chippewa; Fead, J. Submitted October 3, 1917. (Docket No. 2.) Decided December 27, 1917.

Mary A. Dingman presented for probate the last will of Edward W. Dingman, deceased. The will was disallowed in the probate court, and proponent appealed to the circuit court. Judgment for proponent. Contestant brings error. Affirmed.

*Francis T. McDonald* and *John W. Shine,* for appellant.

*E. S. B. Sutton* (*Warner & Sullivan,* of counsel), for appellee.

OSTRANDER, J. An instrument dated May 19, 1903, purporting to be the last will and testament of Edward W. Dingman, was offered by his widow, Mary Augusta Dingman, for probate, he having died without issue November 10, 1915. He left real and per-

[1]On effect of revocation of later will to revive an earlier one, see notes in 37 L. R. A. 575; 14 L. R. A.. (N. S.) 937; 37 L. R. A. (N. S.) 291.

sonal property, five brothers, two sisters and his widow surviving him. A brother and heir at law of the deceased set up that the instrument was not a last will, alleging that about the year 1908 the deceased made and executed a will in which he expressly revoked all former wills; that the later will was in writing, signed by the testator and duly attested and subscribed by M. M. Larmonth and Elizabeth J. Lemon, two competent witnesses. The probate court determined that the deceased executed a will in the year 1907, 1908, or 1909, witnessed as above stated, containing a clause revoking all former wills. The alleged last will was not produced.

In the circuit court, upon appeal from probate court, the jury answered in the negative the special question submitted by contestant, "Did Edward Dingman, deceased, make and execute a will later than the will offered for probate by Mrs. Dingman?" and by a general verdict sustained the will dated May 19, 1903. To this effect judgment was entered.

The will contested gives all of testator's property to his wife, the proponent. Its due execution is not disputed. The testimony for contestant tends to prove that at some time during the years 1907, 1908, and 1909—during the period that the stenographer, Miss Lemon, was in his employ—Mr. Larmonth, at the request of the deceased, whom he knew, prepared for him a last will and testament, which contained a clause revoking former wills, was duly executed, witnessed by Mr. Larmonth and the stenographer, and taken away by the deceased. Testimony for proponent tends to prove that no such paper was found among the papers and effects of the deceased.

Various exceptions were taken to rulings made during the trial, and to the ruling refusing a directed verdict for contestant. Objections and exceptions were taken to rulings made during the argument of

the case to the jury by proponent's attorney. Upon these error is assigned, as well as upon the refusal of the court to give contestant's eighth request to charge and to the charge as given.

The proponent, also, at the close of contestant's case, asked for a directed verdict and decision of the motion was reserved. This motion was based upon the provisions of section 17, chap. 52, of the judicature act (3 Comp. Laws 1915, § 13789), which reads:

"No revoking clause in any alleged, lost, destroyed or suppressed will, and no alleged disposition of property, terms or conditions contained therein, claimed to be inconsistent with a former will which has been produced for probate, shall be sufficient to defeat or destroy the effect of such former will, unless the legal execution of said alleged, lost, destroyed or suppressed will, together with the fact that it contained such revoking clause or such inconsistent disposition of property, terms or conditions, shall be established by at least two reputable witnesses, having knowledge thereof."

Accepting the verdict of the jury, the trial court did not pass upon the question thus raised, but the statute is relied upon in this court by appellee and counsel have discussed it in the briefs and in oral argument.

While Mr. Larmonth testified that the later will contained a clause revoking former wills, Miss Lemon, the other alleged subscribing witness, who typed the will, did not so testify, having, as she declared, no recollection upon the subject. Therefore the fact that the instrument contained a revoking clause is not established "by at least two reputable witnesses, having knowledge thereof." Counsel for contestant, appellant, do not question the validity of the statute, but question its application here. Proponent's will was offered for probate in November, 1915; the answer of contestant was filed in December, 1915; the day set

for the hearing in probate court was December 27, 1915; there were adjournments, and the hearing in that court occurred February 23, 1916. The judicature act took effect January 1, 1916.

I am of opinion that the statute established a rule of evidence merely, which, without giving the statute retroactive effect, was binding upon the court at the time of the trial. In this view, counsel for appellant say that both witnesses, Mr. Larmonth and Miss Lemon, testified to a provision in the later will inconsistent with the will sought to be probated. But a merely inconsistent provision in a later will destroyed by the testator would not revoke the earlier will. *Cheever* v. *North*, 106 Mich. 390 (64 N. W. 455, 37 L. R. A. 561, 58 Am. St. Rep. 499) ; *Danley* v. *Jefferson*, 150 Mich. 590 (114 N. W. 470, 121 Am. St. Rep. 640, 13 Am. & Eng. Ann. Cas. 242).

Contestant having as matter of law failed in the testimony required to sustain his contention, it is mere waste of time to consider the errors assigned, or to do more than to affirm the judgment of the court below.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.