The proponent filed the will of Mary A. Reid in the probate court for the county of Wayne on the 28th day of January, 1926, accompanied by a petition praying that it be admitted *Page 361 
to probate. The hearing was set for April 7th. On April 5th, the contestant, by her attorneys, filed a notice stating that she and the other heirs — "will contest the validity of said will and will ask the court here on motion of Ernest N. Papps and Clara A. Marks, their attorneys, that said will not be admitted to probate until such time as the same will be proven to be a valid will in accordance with the requirements of the statute of the State of Michigan." Accompanying this notice was an affidavit of the contestant, in which she stated that she was a sister of the deceased; that — "she was acquainted with the mental condition of Mary A. Reid, deceased, her said sister, prior to her death and particularly at the time she executed the will;" that she was authorized to file the notice by the other heirs and that "said will ought and should be held for naught."
An appearance was entered by the attorneys for Alfred and Marie Chaput, two of the legatees named in the will. The trust company apparently took no further part in the proceedings. The hearing was much delayed. On October 4th the contestant filed a petition in the probate court reciting such fact, and asking that the proceedings be certified to the circuit court for that county, and such an order was made pursuant to the statute.
On the hearing in the circuit court, after counsel for the legatees named above, who assumed the role of proponents, had submitted proof of the due execution of the will, counsel for the contestant filed objections in writing to the probate of the will, for the reason, among others, that its execution was procured by fraud and undue influence and that the testatrix was at that time of unsound mind. Counsel for the proponents then moved for a directed verdict *Page 362 
sustaining the will. This was taken under advisement by the court. After contestant's proofs had been submitted, the motion was renewed and a verdict so directed. The court was of the opinion that, as the notice of contest filed in the probate court did not specifically assign any other reason for denying probate except that it was not executed in compliance with the statutory requirements, no other question could be then litigated. Contestant seeks review of the judgment entered, pursuant to such direction, by writ of error.
Section 14145, 3 Comp. Laws 1915, provides that any person aggrieved by any order or decree of the probate court may appeal therefrom to the circuit court by filing a notice thereof
— "giving the reason for such appeal, * * *: Provided,however, That any probate judge shall have power in all contests over the allowance or disallowance of wills, before the hearing thereof in probate court, to certify the same to the circuit court for the same county for hearing, upon application of any interested party in said contest, in the same way and subject to the same provisions as are now provided for in appeals from the probate court to the circuit court mentioned in this section."
This provision was added to the statute by Act No. 238, Pub. Acts 1911.
Counsel for proponents call our attention to the decisions of this court in which it has been held that "the scope of the review in the circuit depended upon reasons stated in the appeal from the probate court" (Johnson v. Bullard, 241 Mich. 170,172), and to the language of the section above quoted that the certification shall be "subject to the same provisions as are now provided for in appeals from the *Page 363 
probate court to the circuit court mentioned in this section."
It is true that, when an appeal is taken, the notice thereof must state the reasons therefor. This confines the issue in the circuit court to that tried and disposed of by the probate judge. In that respect it differs much from appeals from justices' courts or from circuit court commissioners. As was said in the early case of Holbrook v. Cook, 5 Mich. 225, 230:
"The great desideratum in proceedings in probate cases is despatch, and hence the reason of the peculiar jurisdiction conferred upon the circuit courts by this remedy."
But the certification provided for is in no sense an appeal from the probate court. The petition for probate required that court to determine whether the instrument in question was the last will and testament of Mary A. Reid. At the hearing thereof, "all concerned may appear and contest the probate of the will." 3 Comp. Laws 1915, § 13780. Appearance may be had by an attorney. 3 Comp. Laws 1915, § 13781. Had no notice been filed by the contestant, and the hearing been had in the probate court, any facts disclosed by the proofs submitted on behalf of the proponents or contestant would have been considered by that court in determining the question presented. Under the power conferred upon the court by the statute (3 Comp. Laws 1915, § 14145), and doubtless satisfied that an appeal would be taken from its determination to the circuit court, where a trial by jury might be had, it certified the proceedings to the circuit court "for hearing." The hearing to be there had was upon the petition of proponents praying that the instrument filed be admitted to probate, and the issue presented *Page 364 
was the same as if determination had been had in the probate court.
The statute contains no requirement that parties appearing in the probate court to contest a will shall file their reasons therefor. In Turnbull v. Richardson, 69 Mich. 400, 409, it was said:
"It is a peculiarity of our probate practice that a written issue need not be made up or joined in contests before the probate court, but the party who feels aggrieved by the order or decree of the probate court may appeal to the circuit court, and there the circuit court may direct an issue to be framed if it deems it essential."
This case was decided in 1888. The statute then in force (2 How. Stat. § 6779) contained a similar provision relative to appeals and notice thereof as that above referred to (3 Comp. Laws 1915, § 14145). It was the practice in the early days to have such issue framed in the circuit court (Kempsey v.McGinniss, 21 Mich. 123), and we do not think our recent holdings that the question to be determined is limited to that stated in the notice is intended to change it, as an issue may well be framed to present the question in a proper way for determination by that court.
The notice of contest, while not very carefully drawn, expresses an intent to attack the validity of the instrument proffered as a will. When read with the affidavit filed in support thereof, it cannot well be said that proponents were not informed thereby that contestant would insist that the deceased was not mentally competent to make a will. The circumstances under which it was executed were unknown to her. The deceased, who had no children, had been living with her sister, the contestant, for several *Page 365 
years. She had been in the habit of going away from her home and getting lost, and had been frequently brought back by the village officers. In July, 1925, she was reported lost, and on the following day was found by the officers in the home of the proponents, who were strangers to her. When her sister went after her, proponents refused her permission to take deceased to her own home, saying that she did not want to return there. The instrument in question bears no date, nor did the petition for its probate state the date when it was executed. These facts doubtless had much to do with the manner in which the notice of contest was worded. It is apparent that neither the probate judge nor counsel for the proponents understood that the only question for determination in that court was whether the instrument was executed in the manner required by the statute, else the hearing would undoubtedly have been there had and this question determined.
3 Comp. Laws 1915, § 14151, reads as follows:
"The circuit court to which such appeal is taken, may for cause shown, and upon motion to be heard after reasonable notice shall have been given the opposite party, and upon such terms as may be imposed by said court, allow such amendment or amendments to the reasons assigned for such appeal, as in the opinion of the court justice may require."
The objections filed were in the nature of an amendment to the notice, and, if necessary, might well have been treated by the court as such. It is but fair to say that it does not appear that this section was called to the attention of the trial court.
The judgment entered should be reversed and set aside and a new trial granted, with costs to appellant *Page 366 
against the legatees who assumed the role of proponents.
McDONALD and POTTER, JJ., concurred with SHARPE, J.