*In re* LEECH'S ESTATE.

APPEAL OF HOLMES AND EVANS.

1. WILLS—UNDUE INFLUENCE—MENTAL COMPETENCY.

Record in will contest, certified to circuit court, even when testimony is viewed in light most favorable to contestants, *held,* without evidence of undue influence upon testatrix and without sufficient evidence of mental or physical incompetency to warrant submission of the case to a jury or upon which to grant judgment for contestants upon their motion after disagreement of jury (3 Comp. Laws 1929, § 14535).

2. SAME—MENTAL COMPETENCY—EVIDENCE—BURDEN OF PROOF.

In will contest, evidence that on occasions 56-year old testatrix, who was suffering from a heart ailment; was flighty and quieted with opiates; and after signing will leaving all her property to a close friend and none to relatives, complained that she was getting too much opiate; that she had severe pain; that she was nervous, excitable, overworked, worried and disturbed *held,* insufficient to sustain contestants' burden of

proof of mental incompetency in the absence of testimony that at the time of executing the will she was flighty or under the influence of opiates, where, on the contrary, evidence leaves strong inference that at that time she was in possession of her faculties.

3. Same—Undue Influence—Evidence.

In will contest, record *held*, totally lacking in proof of undue influence upon testatrix by the sole beneficiary.

4. Same—Undue Influence—Burden of Proof.

Contestants *held*, to have failed to sustain their burden of proof that testatrix was unduly influenced to execute will leaving entire estate to a close friend.

5. Same—Subsequent Will—Witnesses—Destruction.

Testimony by one witness that testatrix subsequently executed a will that was duly witnessed and soon after destroyed by testatrix *held*, insufficient to defeat or destroy effect of former will since there were not two reputable witnesses, having knowledge thereof, establishing legal execution of destroyed will, together with the fact that it contained a revocation clause or inconsistent disposition of property, terms or conditions (3 Comp. Laws 1929, § 15548).

6. Appeal and Error—Questions Reviewable—Wills.

Claim that evidence by a single witness that a second will was executed and later destroyed was proper for purpose of proving undue influence in the execution of the first will *held*, not reviewable where not made in trial court.

7. Same—Disagreement of Jury—Questions Reviewable—Cross-Examination of Own Witness—Conduct of Trial.

On appeal from judgment for proponent, entered after disagreement of jury in will contest, no review is necessary of claimed error by trial court in permitting proponent's counsel to cross-examine his own witness and to certain alleged prejudicial conduct of the trial court during the progress of the trial.

Appeal from Wayne; Campbell (Allan), J. Submitted July 21, 1936. (Docket No. 120, Calendar No. 39,069.) Decided October 5, 1936.

In the matter of the estate of Harriett C. Leech, deceased. Christine C. Good presented the will of Harriett C. Leech for probate. Grant Leech, Emma

J. Holmes, Elizabeth Evans, Virgil Leech and Frederic C. Leech filed objections thereto. Contest certified to circuit court. Judgment for proponent after disagreement of jury. Contestants Holmes and Evans appeal. Affirmed.

*Chester J. Morse,* for proponent.

*Leslie T. Jones,* for contestants Holmes and Evans.

Toy, J. The testatrix died February 24, 1934. Her will was filed for probate and when objections were made to its allowance by contestants and appellants, it was certified to the circuit court where jury trial was had. The jury found for contestants breaking the will. A new trial was granted by the trial court and a second jury trial had. The jury, in this second trial, unable to agree, were discharged. Thereafter both parties filed their respective motions. for judgments on the evidence. The court granted proponent's motion while denying that of contestants. Contestants moved for rehearing, and, upon such motion being denied, appealed.

Contestants assign 13 reasons as grounds for appeal, which, in their brief, they summarize, for purposes of argument, under three general contentions, which we will discuss in order.

They first contend that the proposed will was not valid because, at the time of its execution, the testatrix was not mentally competent to make a will and was the subject of undue influence.

The trial judge, in granting proponent's motion for judgment on the evidence, held that there was not sufficient evidence of incompetency or of undue influence to warrant its submission to a jury.*

---

* See 3 Comp. Laws 1929, § 14535.—Reporter.

The testatrix during her life time had been a school teacher, who at the time of her death was 56 years of age. The will in question was prepared by her nephew, an attorney.

The testatrix had been teaching school until a few days after the 1st of January, 1934, when she obtained a leave of absence from her employment, in order to care for her aged father, who was then suffering his last illness. On January 14, 1934, she became seriously ill with a heart condition, which confined her to her bed. She remained at her home until February 7th, at which time she was removed to the hospital and her death there occurred on February 24, 1934.

While confined to her bed at her home, the will in contest, was presented to her for her signature, by her nephew, and the testatrix then refused to sign it. Shortly afterwards, Christine Good, a close friend of testatrix, who was named as sole beneficiary in the will, went to the room of testatrix, and shortly thereafter, the testatrix expressed her desire to execute the will and did so.

Giving contestants' testimony its strongest inference and viewing it in a light most favorable to them we find no evidence of undue influence used upon testatrix in order to accomplish the signing of the will, nor do we find sufficient evidence of mental or physical incompetency to warrant submission of contestants' case to a jury, nor upon which to grant judgment for contestants on their motion.

The strongest testimony offered by contestants was that on occasions testatrix was flighty and that the physician had prescribed opiates to quiet her; that on one occasion, after the signing of the will, the testatrix stated that she was getting too much of the opiate; that she had severe pain; that she was

nervous, excitable, overworked, worried and disturbed. There is no testimony tending to show that at the time of the signing of the will, testatrix was either "flighty" or under the influence of the opiates, but on the contrary the evidence leaves strong inference that at that time she was in possession of her faculties.

The burden of proof, where mental incapacity is charged, is upon contestants. *In re Reed's Estate,* 273 Mich. 334, and cases therein cited. This burden was not sustained.

The record is totally lacking of any proof of undue influence. Contestants contend that Miss Good, the beneficiary, exercised dominion over testatrix. In order to sustain this claim they produced testimony that testatrix at first refused to sign her will when presented to her by her nephew, but signed it after Miss Good talked with her; that on one occasion, Miss Good looked through the private papers of testatrix; that at another time Miss Good had the automobile of testatrix taken from off the street and placed in Miss Good's garage; that at one time, after Miss Good had given testatrix a canary, that testatrix did not want to keep it, but was influenced to do so by Miss Good, and that testatrix said to one of contestant's witnesses "Miss Good talked me down; she is too strong for me."

We find nothing here indicating undue influence. Contestants failed to sustain the required burden of proof. *In re Estate of Loomis,* 275 Mich. 43; *In re Reed's Estate, supra; In re Estate of Reynolds,* 273 Mich. 71.

Contestants' second contention is that the trial court was in error in striking out testimony relating to a second will which was introduced for the purpose of proving revocation and undue influence.

A witness testified that a second will was dictated to her by testatrix. That such will was subsequently and on February 7, 1934, executed by testatrix and duly witnessed. The undisputed testimony shows that this latter will was, soon after its execution, destroyed by testatrix. There is no evidence by two reputable witnesses having a knowledge thereof, establishing the legal execution of said destroyed will, together with the fact that it contained a revocation clause or inconsistent disposition of property, terms or conditions. The testimony, therefore, is insufficient to defeat or destroy the effect of the former will. 3 Comp. Laws 1929, § 15548. Counsel contends that such testimony was proper for the purpose of proving undue influence in the execution of the first will. This claim was not made in the court below and we will not consider it here.

Counsel's third contention relates to the action of the trial court permitting proponent's counsel to cross-examine his own witness and to certain alleged prejudicial conduct of the trial court during the progress of the trial. It is unnecessary to discuss these assignments of error, owing to the fact that the jury having disagreed, no verdict resulted from the jury trial. Hence the complained rulings of the court and its alleged conduct cannot now be claimed as prejudicial.

The judgment entered below is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.