*In re* FRANCIS ESTATE.

FRANCIS *v.* FRANCIS.

1. WILLS—CONTEST—OBJECTIONS—PETITION FOR GENERAL ADMINISTRATION AS INTESTATE ESTATE.

A proper contest of proposed will that was presented for probate was before the probate court for determination notwithstanding no written instrument was expressly designated as such objections, where during the pendency of the petition for probate the widow filed a petition for general administration of the deceased's estate as an intestate estate on the ground that the proposed will had been revoked and both petitions were tried as one cause on the sole issue involved, namely, the validity of the will offered (CL 1948, § 702.24).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  57 Am Jur, Wills § 774.
[4, 5]  57 Am Jur, Wills § 473.

2. SAME—VALIDITY—APPEAL TO CIRCUIT COURT—OBJECTIONS TO PRO-
BATE.

The circuit judge had jurisdiction to determine the issue of
validity of the proposed will presented to him on widow's
appeal from denial of her petition for general administration
of the deceased's estate as intestate property and from
order granting proponents' petition to probate the will, where
the parties and the probate court had conducted the probate
hearing on the theory that such was the controlling issue not-
withstanding the absence of an instrument specifically desig-
nated as objections to the probating of the will (CL 1948,
§ 702.24).

3. SAME—CONTEST—STATUTES.

The right to contest a will is subject to the provisions of the
statute which has the general purpose of submitting the real
question to be determined in a proper and orderly manner
(CL 1948, § 702.24).

4. SAME—REVOCATION BY DESTROYED WILL—EVIDENCE.

Finding of circuit judge on appeal from probate court in will
contest that proposed will had been revoked by a later will
which was subsequently destroyed by the deceased is not
disturbed, where it appears there is no reason to question
the claim that 2 reputable witnesses, the scrivener and the
widow, testified to the execution of the later will, and it also
appeared that each had personal knowledge with reference to
the fact at issue (CL 1948, § 702.26).

5. SAME—REVOCATION—EVIDENCE—WITNESSES.

A will is revoked by the execution of a later will revoking all
former wills, notwithstanding the later will is subsequently
destroyed, but the execution of the later will must be proved
by the testimony of at least 2 reputable witnesses having
knowledge of the later will (CL 1948, § 702.26).

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted April 2, 1957. (Docket No. 12, Calendar No.
47,049.) Decided September 4, 1957.

George A. Francis and Marie Brohl, children of
Raymond J. Francis, deceased, presented a proposed
will for probate. Rhoda M. Francis, widow, peti-
tioned for administration claiming will revoked and

that deceased died intestate. Will admitted in probate court and appeal taken by widow. From decision reversing probate court order, denying admission of will and determining that deceased died intestate, proponents appeal. Affirmed.

*William Murray,* for proponents.

*Philip D. Dexter,* for contestant.

CARR, J. The record in the instant case discloses that Raymond J. Francis was, at the time of his death on August 19, 1955, a resident of Macomb county. He left as his heirs the widow, Rhoda M. Francis, a son, George A. Francis, and a daughter, Marie Brohl. On August 27, 1954, he had executed a will, in accordance with which all of his estate not required for certain specific legacies was directed to be given in equal shares to the widow, his son, and the daughter. It is not disputed that this will was properly executed.

Under date of August 22, 1955, a petition was filed in the probate court of the county, asking for the probate of the will executed as above stated. On the filing of said petition George A. Francis was appointed special administrator and, on the filing of a bond, letters of administration were issued to him. On August 31st following, the widow, Rhoda M. Francis, filed in said court a petition for general administration, averring that Raymond J. Francis died intestate leaving an estate in Macomb county to be administered therein. Said petition was brought on for hearing and Mrs. Francis, in support of her claim that her husband had not left any valid will, testified that under date of April 14, 1955, he, while in the State of Florida, had executed another will which he subsequently destroyed. She further

stated that a third proposed will was then drafted, but not executed. Counsel for proponents of the will executed August 27, 1954, participated in the hearing on the petition for the appointment of a general administrator, and stipulated that the Florida will was destroyed.

The record clearly indicates that it was recognized by the judge of probate and by counsel representing the respective parties that the widow's petition for general administration, and the proceeding for the probating of the will submitted by the son and daughter of decedent, involved the determination of the question whether the instrument executed in Florida operated to revoke, at the time of such execution, the prior will. As a practical proposition, the hearing in the probate court, which apparently was continued from time to time, was on both petitions then before the court. The depositions of 2 persons who claimed to have witnessed the Florida will were offered as proof of the proper execution of said instrument. Counsel for Mrs. Francis also offered in evidence the deposition of a Florida attorney, who testified that he had prepared the will for Mr. Francis, that it was duly and properly executed, and that it contained a clause revoking all prior wills. This witness produced a paper designated in the record as a "conformed copy" of the Florida will, and claimed that it was a true and correct copy of the instrument executed in April, 1955. Mrs. Francis also testified as to the accuracy of such copy, asserting that she had compared it with the original will, and that she had personal knowledge, based on her examination of said will, as to the contents thereof. The purported copy introduced in evidence contained a clause revoking all prior wills.

At the conclusion of the hearing the judge of probate filed a brief written opinion, stating his conclusion that the will executed by Raymond J.

Francis on August 27, 1954, had not been revoked. Said opinion was filed January 20, 1956, and on the same date separate orders were filed, the first admitting said will to probate and the second denying the petition filed by the widow for the appointment of a general administrator. Thereupon Rhoda M. Francis filed a claim of appeal to the circuit court from both orders. The probate judge found that the appeal bond complied with the law and approved the appeal as taken, directing the service of copy of the claim on the proponents of the will admitted to probate.

In the circuit court counsel for the parties stipulated in writing that the cause be submitted on the record that had been made in probate court and briefs supporting the positions of the respective parties. The circuit judge to whom the controversy was thus submitted disagreed with the conclusion reached by the judge of probate, holding that the will admitted to probate had been revoked by the later Florida will, and that the question whether Raymond J. Francis had died intestate was properly before him for determination. Accordingly an order was entered disallowing the will of August 27, 1954, and appointing an administrator of the estate in accordance with the petition filed by Rhoda M. Francis. From such order George A. Francis and Marie Brohl, referred to as proponents of the will, have appealed.

On behalf of appellants it is contended that, as a matter of law, there was no proper contest with reference to the right to have the will of August 27, 1954, admitted to probate. Reliance is placed on CL 1948, § 702.24 (Stat Ann § 27.3178[94]), which section, insofar as material here, reads as follows:

"Objections to the admission of the will may be offered by any interested party and shall be filed in

writing and served on the proponent, or his attorney, at or prior to the hearing for the admission thereof."

Admittedly, Mrs. Francis, designated in this proceeding as contestant and appellee, did not file in probate court any written instrument expressly designated as objections to the probating of the offered will. However, her petition averring that her husband had died intestate indicated the position she was taking in the proceeding, namely, that the will executed in August, 1954, by Mr. Francis was not in force and effect at the time of his death. The testimony that was offered and received on her petition clearly indicated her position in the matter. The probate judge was thereby faced with the question whether the will offered for probate had been revoked by the subsequent Florida will. Obviously, each of the proceedings instituted in probate court by the parties presented this issue, which undoubtedly explains why they were tried as one cause. The opinion rendered by the judge of probate undertook to dispose of the sole issue before him in each proceeding. The appeal to the circuit court taken by Mrs. Francis, approved by the probate court, obviously rested on the theory that the issue determined adversely to her applied equally to her petition for the appointment of a general administrator and to the previously filed petition for the probating of the will of August, 1954. The probate hearing was conducted and determined on the theory that the controlling question involved was presented by the petitions that had been filed.

In determining the question whether the probating of the will was properly contested the circuit judge referred to the proceeding in probate court, saying in part:

"In effect such contest on the part of the contestant gave notice to the proponents that she was contesting the validity of the original will and the entire proceedings in probate court held on many different trial days all point to the fact that all parties concerned including the court were of the opinion that the real issue was the validity of the will offered. The entire proceedings having been devoted to contesting such validity, it will be considered by this court that ample notice was had and to all intent and purposes the proceedings in probate court constituted a contest brought within the provisions of the statutes with reference to contesting the admission of a will."

Under the somewhat unusual situation presented, we are impressed that the circuit judge came to the correct conclusion, and was fully justified in disposing of the issue before him on the merits.

The decision in *In re Estate of Meredith,* 275 Mich 278 (104 ALR 348), to which counsel for appellants have referred, is not at variance with the conclusion that the circuit judge had jurisdiction to determine whether the will offered for probate had been revoked. Special attention is directed to the statement in the opinion in said case (p 292) that:

"The right to contest a will is, in this State, purely statutory and can be exercised only in accordance with and within the limitations prescribed by statute."

The question before the Court, in the case cited, involved the right of the parties concerned in the will contest to stipulate to submit to an arbitrator the determination of the issue raised as to the mental competency of the testator. It was held that jurisdiction in the premises was conferred by statute on the judge of probate, that it was the duty of the court to make such determination, and authority to do so could not be delegated. The controversy did not in-

volve a situation of the character presented in the instant case.

Concededly probate proceedings are subject to the provisions of the statute, and consideration thereof indicates that the general purpose sought to be served is the proper and orderly determination of matters submitted in such proceedings. We have here before us a situation in which the real question to be determined was raised, in writing, by the petitions that the respective parties filed. Under the facts disclosed by the record, we are in accord with the holding of the circuit judge that he had jurisdiction to determine the controversy before him on its merits.

This brings us to the question whether the proofs offered by appellee in the probate court hearing were sufficient to establish that the Florida will contained a revocatory clause. CL 1948, § 702.26 (Stat Ann § 27.3178[96]), provides that:

"No revoking clause in any alleged, lost, destroyed or suppressed will, and no alleged disposition of property, terms or conditions contained therein, claimed to be inconsistent with a former will which has been produced for probate, shall be sufficient to defeat or destroy the effect of such former will, unless the legal execution of said alleged, lost, destroyed or suppressed will, together with the fact that it contained such revoking clause or such inconsistent disposition of property, terms or conditions, shall be established by at least 2 reputable witnesses, having knowledge thereof."

As before noted, the testimony of the scrivener who prepared the Florida will was taken by deposition and introduced at the probate court hearing. He stated positively that the will executed by Raymond J. Francis on April 14, 1955, contained a clause revoking all former wills, further testifying that such clause was inserted at the request of the testa-

tor.   This witness, who was a practicing attorney in, St. Petersburg, Florida, further identified petitioner's exhibit 1 as a "conformed carbon copy" of the Florida will, stating that it was prepared as a carbon copy and conformed with the original after the latter instrument had been executed.   Mrs. Francis, testifying in support of the petition filed by her and in opposition to the petition for the probating of the will of August 27, 1954, also identified the exhibit. After stating that she was not a witness to the Florida will, she testified as follows:

"*Q.* Did you see and read that document after its execution?

"*A.* Yes, I did.   *   *   *

"*Q.* Now, Mrs. Francis, do you know of your own knowledge, from examination of both, that this is a carbon copy of the original will?

"*A.* Yes, I do.

The witness further testified that the original will was in the house occupied by herself and her husband, and was destroyed by him some 3 or 4 weeks after its execution.

It does not appear that any question is raised as to the testimony given by the scrivener to the effect that the Florida will contained a revocatory clause. It likewise appears that the carbon copy identified by him and introduced in evidence contained such clause.   As indicated, it was the claim of Mrs. Francis that she had examined the original will as well as the carbon copy, and she testified unequivocally that exhibit 1 was a true copy.   The circuit judge held that the fact that the Florida will contained a revocatory clause was established by the testimony of 2 reputable witnesses, the scrivener and Mrs. Francis.   On the record before us it may not be said that the testimony in the case preponderated against the finding of the circuit judge.   It does

not appear that there is any reason to question the claim that both witnesses were "reputable" within the meaning of the term as used in the section of the statute above quoted. It appears from the testimony, further, that each had personal knowledge with reference to the fact in issue.

Counsel for appellants refers in his brief to the case of *Dingman* v. *Dingman,* 199 Mich 384. In that case, however, the only witness who could testify to the existence of a revoking clause in a will claimed to have been executed after the execution of the will offered for probate was the attorney who prepared it. The other subscribing witness, who had typed the instrument, testified that she had no recollection concerning the matter. Likewise, in *In re Leech's Estate,* 277 Mich 299, neither the legal execution of the destroyed will nor the fact that it contained a revocatory clause was shown by the testimony of 2 reputable witnesses. It was claimed that testatrix had executed such a will, subsequent to the date of the instrument offered for probate, later destroying it. The requisite proof to defeat the probating of the will submitted to the court was lacking. A similar situation existed in *In re Hillaert's Estate,* 313 Mich 344. In none of these decisions on which counsel for appellants relies were the facts analogous to those in the case at bar. Here we have a situation with reference to which it may fairly be said that the execution of the Florida will, and likewise the fact that it contained a revocatory clause, was established in the manner required by the Michigan statute.

The judgment of the circuit court is affirmed. Appellee may have costs.

DETHMERS, C. J., and SHARPE, EDWARDS, and KELLY, JJ., concurred with CARR, J.

Black, J. (*concurring in affirmance*). The appeal from probate to circuit was tried to the court without a jury, Honorable Alton H. Noe, circuit judge presiding. By stipulation of the contending parties, trial was had upon the complete probate court record. Starting with proceedings in probate, and continuing on through circuit to the judgment brought here for review, we have searched this record in vain for hint or suggestion by proponents that the widow's petition for general administration did not operate—as a notice of contest—to raise the issue of revocation as tried. In sum, that issue was whether the ultimately-destroyed will of April 14, 1955, legally revoked the submitted will of August 27, 1954. Actually, and so far as the record discloses, proponents did not question sufficiency of the petition as raising the issue until their reasons and grounds for appeal to this Court was filed. We think in the special circumstances shown here that the widow's said petition did raise the tried issue of revocation and that proponents are in no position to assert otherwise.

The fact situation is not unlike that shown in *In re Reid's Estate,* 248 Mich 360. There an informal notice and affidavit—filed in probate court—gave notice only of contention that the instrument submitted for probate as the decedent's will had not been executed in compliance with statutory requirements. Following certification to circuit, it was held that the notice and affidavit did not present issues of undue influence and mental incapacity and, the jurisdiction in circuit being appellate, that an amendment to include such issues was not permissible.

The difference between *Reid* and this case lies in the record of proceedings made when the contest set up by the respective petitions yet remained in probate court. Instead of statutory certification, the broad issue made by such petitions—for probate of

will on theory of testacy and administration on theory of intestacy—was fully tried on the merits in probate and all parties accepted such issue as including the disputed question of revocation. The disputed question having been tried and decided in probate absent objection addressed to sufficiency of the widow's admittedly informal contestant pleading, and the point being technical rather than substantial, proponents on arrival in the circuit (appellate) court were in no position to insist that such issue was nonreviewable (*In re Alexander*, 136 Mich 518; *In re Zick's Estate*, 205 Mich 681).

The issue of revocation was properly before the circuit court. Ample evidence, on which the trier of facts in circuit found that the submitted will had been revoked, is shown in the stipulated record. I therefore agree that the judgment in circuit should be affirmed.

SMITH and VOELKER, JJ., concurred with BLACK, J.