Hillsborough Probate Court,
No. 5647.

### In re Stamatia Pafelis Estate.

Argued September 8, 1967.
Decided October 6, 1967.

*Arthur Olson, Jr.* and *Lewis A. McMahon* ( *Mr. Olson* orally ), for John Contas.

*Hamblett, Kerrigan & Hamblett* and *H. Philip Howorth* ( *Mr. Howorth* orally ), for the heirs of Stamatia Pafelis.

Grimes, J. Stamatia Pafelis died on January 24, 1966. On June 15, 1957 she had made her mark upon an instrument which purported to be her will in which she provided that her entire estate should go to her husband if he survived her, and if not, to five named individuals all named Pafelis, who were residents of Greece, "share and share alike."

She named her husband, Emmanuel, executor, but provided that if he did not serve John Contas be appointed, and further provided: "If John Contas does not assume or relinquishes the responsibilities of executor, I . . . appoint Charles Contas to be

executor . . . . " After the will was filed in the probate court, attorneys for the heirs filed an appearance on March 23, 1966. Emmanuel had predeceased his wife, John Contas because of ill health filed a declination on April 11, 1966, and Charles Contas obtained an "entry of probate in common form" on May 4, 1966. A return of notice to the legatees was filed on June 8, 1966.

On July 28, 1966, however, by stipulation, the probate was cancelled and annulled without prejudice because of a misunderstanding with respect to notice to the attorneys who had entered an appearance for the heirs.

On November 21, 1966, a hearing on the petition of Charles Contas for allowance of the purported will in common form was held in the probate court. John Contas and counsel for the heirs were present. The will was disallowed due to a language barrier between the witness to the will and Mrs. Pafelis which prevented communication of a declaration that it was her will. The judge of probate stated than an appeal would have to be filed within thirty days and set the bond in the amount of $200.

Lucille Kozlowski was appointed special administratrix on November 21, 1966. On November 29, 1966, John Contas, who had improved in health, filed a withdrawal of his declination to serve and expressed his intention to serve as executor. On December 8, 1966, he filed a petition to prove the alleged will in solemn form. The heirs moved to dismiss the petition on the grounds· that the matters raised by the petition were *res judicata* and that John Contas was not an interested party due to his declination to serve as executor, the appointment of a special administratrix, and his not being an heir or legatee.

It is the questions of law raised by this motion to dismiss which have been certified to this court.

RSA 552:6 provides: "If the probate of a will *is not contested,* the judge may allow and approve it in common form, upon the testimony of one of the subscribing witnesses, though the others are living and within the process of the court." ( Emphasis supplied ).

The appearance filed by the attorneys for the heirs on March 23, 1966, the stipulation setting aside the May 4 probate of the will, and the notification to the attorneys for the heirs of the November 21 hearing, all show that the will was being contested by the heirs. In this situation, it was not subject to being proved

in common form. *Knight* v. *Hollings,* 73 N. H. 495.

RSA 552:7 provides that: "Any party interested may have the probate of a will which has been proved without notice re-examined, and the will proved in solemn form before the court of probate at any time within one year of such probate, if no appeal from the probate has been prosecuted before the superior court." This provision has been held not to have abrogated the common law on the subject but to be only a statute of limitations upon the common law right to re-examination after a will had been proved without notice. *Noyes* v. *Barber,* 4 N. H. 406; *Knight* v. *Hollings, supra.*

Since the statute is silent on proof of a will in solemn form except after it has been proved without notice, we revert to the law before the statute under which the will may in the first instance be proved in solemn form after notice to all interested parties. *Noyes* v. *Barber, supra,* 408.

In the case before us, the proceedings in the probate court except for the appointment of the special administratrix were a nullity because, being contested, the will could not be proved in common form. Since the proceedings were a nullity, they could not be *res judicata* as to the issue involved. In this state of things, the case is remanded to the probate court for proof of the will in solemn form after notice to all interested parties and compliance with RSA 552:11 where applicable.

It is contended by the heirs that John Contas, having declined to serve as executor, may not now be a proponent of the will. Although there is no case in this state it is recognized elsewhere that a renunciation may be withdrawn and that letters of administration may be issued to one who has declined to serve if there is a vacancy in the office. For a collection of cases, see Annot. 153 A.L.R. 220; 2 Schouler on Wills, Executors and Administrators ( 5th *ed.* ) 935.

John Contas was named executor in the will. His declination to serve was due to ill health which by the time he filed his withdrawal was no longer an impediment to his acceptance of the trust. Nothing has happened which has any legal effect since the declination was filed except the appointment of a special administratrix. But the basic obligation of a special administrator is to preserve the estate. "In all other things, such as sustaining the will . . . the executor may continue to act." *Towle* v. *Yeaton,* 97 N. H. 427, 431.

Charles Contas is not objecting to the withdrawal of the renunciation and is apparently willing that John should proceed to prove the will. Under these circumstances, we see no reason why he should not be permitted to do so.

*Remanded.*

All concurred.