In the Matter of the ESTATE OF Dorathy A. FRANZKOWIAK, Deceased.

Frank M. FRANZKOWIAK and Henry W. Franzkowiak, Appellants,

v.

Russell S. WUNSCHEL, George L. Franzkowiak, and Dwayne E. Franzkowiak, Appellees.

No. 63480.

Supreme Court of Iowa.

March 19, 1980.

Morris C. Hurd, Ida Grove, for appellants.

James R. VanDyke, of Wunschel Law Firm, Carroll, for appellee Wunschel.

Barry T. Bruner, of Bruner & Bruner, Carroll, for appellees Franzkowiak.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP, and McGIVERIN, JJ.

UHLENHOPP, Justice.

In this appeal we deal with the right to possession of a decedent's real property during the pendency of a contest of wills allegedly made by her.

Dorothy A. Franzkowiak died on September 12, 1977, owning real estate including a farm of 110 acres ("the farm"). She was survived by four sons: Frank, Henry, George, and Dwayne. Frank was the farm tenant. On September 22, 1977, a 1967 will executed by Mrs. Franzkowiak was offered and admitted to probate, and letters of appointment were issued to Russell S. Wunschel as executor. That will purported to devise the farm to a group of which Frank is a member. On September 23, 1977, a 1969 will executed by Mrs. Franzkowiak was filed but not admitted to probate. Also on September 23, 1977, Frank and Henry filed objections to the 1969 will pursuant to section 633.310 of the Code. That will purported to devise the farm to George and Dwayne. On January 12, 1978, Frank and Henry filed a petition challenging both the 1967 and the 1969 wills on various grounds. On February 14, 1978, Frank and Henry dismissed their September 1977 objections to the 1969 will "without prejudice." Then on March 3, 1978, the clerk of court by ex parte order admitted the 1969 will to probate and again issued letters to Mr. Wunschel. On March 15, 1978, Frank and Henry filed a motion to review the clerk's order admitting the 1969 will to probate; the probate court ordered the motion consolidated with the will contest.

On March 5, 1979, the executor filed a document asserting that the farm passed to George and Dwayne under the 1969 will. The executor asked for a determination *inter alia* "that the [farm] is rightfully the property of the beneficiaries and devisees, George Franzkowiak and Dwayne Franzkowiak, and that they are entitled to possession thereof forthwith. . . ." Frank resisted the motion by denials and affirmative averments. The probate court, after hearing, held that George and Dwayne are entitled to possession of the farm.

The basis of the court's decision is not completely clear. At one point the court stated, "The 1969 will has been admitted to probate. Although there may have been a question as to whether the Clerk properly admitted the same to probate in view of the objection of Frank Franzkowiak, the withdrawal of such objection removed that cloud." Despite this statement we do not believe the court based its decision on the withdrawal without prejudice of the objections on February 15, 1978, because at that time Frank and Henry also had on file their

contest of both wills. Furthermore, other statements in the court's decision indicate its basis was that although the 1969 will was under contest, title to the farm and right to possession nonetheless passed to George and Dwayne. After reciting that devisees receive title· at the moment of a testator's death, the court stated:

If as a general rule of law, title to real estate vests immediately and automatically on death to named devisees then it reasonably follows that the commencement of a Will contest suit would not per se defeat this rule. However, any rights acquired by the named devisee would be subject to divestment in the event of a favorable ruling in the Will Contest suit.

At a later point the court stated:

The Executor by his application asks to surrender possession of the farm. At the hearing on this matter, the devisees of such farm joined in the application. The Court does not believe that under the circumstances of this case that the pending Will Contest is sufficient to warrant the continued possession of the farm by the Executor.

The court therefore authorized the executor to surrender possession of the farm to George and Dwayne.

We conclude the court held that notwithstanding the contest of both wills, title and right to possession of the farm passed to the devisees under the 1969 will, subject to divestment depending on the outcome of the will contest.

■ Frank and Henry appealed. They raise a number of questions, but we find one of them determinative rendering consideration of the others unnecessary: who is entitled to possession of the farm during the contest of the wills? We agree with the trial court that the document which was before it and is now before us is essentially a probate application, and that the court could consider the application because the facts recited in it were actually before the court in the probate records. We thus find no merit in the procedural objections interposed by Frank and Henry to consideration of the merits of this appeal.

This is not the ordinary uncontested will case which simply involves the doctrine of relating the effective date of devises back to the time of a testator's death. 80 Am. Jur.2d *Wills* § 1068 (1975); 95 C.J.S. *Wills* § 574, at 672 (1957). *See* § 633.350, The Code 1979. If and when one or the other of the two wills survives contest, possession of the real property will go to the appropriate devisees under that will—or to the heirs at law, if the contest is completely successful. But who is entitled to possession in the meantime?

The Iowa statutes and decisions prior to the present probate code were unclear in this area of law, and are mainly useful as an aid in ascertaining what the General Assembly endeavored to accomplish in its revised provisions. Those provisions, however, do not cover some details of probate law, which the General Assembly apparently left to judicial decision in light of the statutes it did enact and the common law.

The 1967 will was admitted to probate and was thereafter contested. The 1969 will was filed but was contested before it was admitted to probate. We will consider these purported wills separately.

■ I. *The 1967 will.* The General Assembly provided in section 633.308, The Code:

Any interested person may petition to set aside the probate of a will by filing a written petition in the probate proceedings. The petition for such purpose shall state the grounds therefor.

This statute applies to the contest of the 1967 will; that will had been admitted to probate and was later contested.

■ The statute is silent, however, regarding the effect of a contest on the right to possession of real estate devised in a will which is admitted to probate and then contested. We must distinguish (a) proceeding with administration of an estate from (b) giving effect to devises. As to *administration*, someone must take charge of the assets, receive claims, and otherwise handle estate affairs, notwithstanding the pendency of a will contest. In the absence of good

reason to the contrary, the executor who was appointed when the will was admitted to probate appears to be the proper person to continue as personal representative to administer the estate. Although decisions may be found to the contrary under different statutory frameworks, our conclusion finds support in relevant decisions and statutes. *In re Estate of Handy*, 256 Iowa 61, 65, 126 N.W.2d 332, 334 (1964); *In re Estate of Pierce*, 245 Iowa 22, 26, 60 N.W.2d 894, 897 (1953); *In re Estate of Huston*, 238 Iowa 297, 302, 27 N.W.2d 26, 29–30 (1947). *See McElroy v. Security National Bank*, 215 F.Supp. 775, 777 (D.Kan.1967) (Missouri law); *In re Estate of Reed*, 270 A.2d 834, 836 (Del.Ch.1970); *In re Estate of MacLeish*, 35 Ill.App.3d 835, 842–43, 342 N.E.2d 740, 746–47 (1976); *McCulley v. Rivers*, 203 Mich. 417, 427, 170 N.W. 24, 28 (1918). *Cf. In re Estate of Swanson*, 239 Iowa 294, 304, 31 N.W.2d 385, 391 (1948) (duty of executor to defend will contest); § 633.318, The Code (probate court determines whether to revoke letters if second will is subsequently filed); § 633.343, The Code (authority to appoint temporary administrator for good cause). We note that in appropriate cases administration by an executor appointed under a previously admitted will may be terminated or interrupted by application of section 633.318 or 633.343, just cited. We intimate no opinion whether one or the other of those sections should be applied here, as such proceedings are not before us. We observe as one factor, however, so far as section 633.318 is concerned, that the same individual is named as executor in the 1967 and 1969 wills. Moreover, the functions of this executor under the 1967 will, during the pendency of the contest, are not unlike the functions which a temporary administrator would have under section 633.-343.

On the other hand, the traditional principle has been that *devises* do not take effect during the pendency of a will contest. *Sternberg v. Saint Louis Union Trust Co.*, 394 Ill. 452, 459, 68 N.E.2d 892, 896 (1946); *Stobie v. Stobie*, 183 S.W.2d 609, 615 (Mo. App.1944); *Floyd v. Herring*, 64 N.C. 409, 411 (1870); *Bernheim v. Stark*, 9 Ohio App.

40, 50 (1918). Our statutes do not provide otherwise, and this is the principle applicable here as to the 1967 will devises.

■ With reference to the 1967 will, therefore, we conclude that the executor's letters of appointment remain in effect and that administration can go forward. The devises in the will, however, do not take effect pending the outcome of the contest, and a right to possession of property under them cannot be successfully asserted.

■ II. *The 1969 will.* The General Assembly provided in section 633.310 of the Code:

Nothing herein contained shall prevent any interested person from filing objections to probate of a proposed will prior to probate thereof. If such objections are filed prior to the admission of the will to probate, the will shall not be admitted to probate pending trial and determination as to whether or not said instrument is the last will of the decedent.

This section applies to the 1969 will, which was filed and then contested. Although the section speaks in terms of "objections" and the contest pleading was denominated a petition, the pleading stated that contestants "object to the probate of a document purporting to be the Last Will and Testament of Dorathy A. Franzkowiak, dated February 28, 1969"—asserting grounds of mental incapacity, undue influence, and false statements. *See Hamilton v. Huntington*, 223 Ind. 143, 153, 59 N.E.2d 122 (1945) (per curiam); *In re Estate of Francis*, 349 Mich. 339, 344, 84 N.W.2d 782, 784 (1957). But the "trial and determination" which section 633.310 requires before a will is admitted to probate have not occurred. Hence this will could not yet be admitted to probate, an executor under it would not yet be appointed, its devises could not yet be effective, and the right to possession of real property could not yet be claimed successfully under those devises.

■ Subsequently, however, the clerk purported to admit the 1969 will to probate. We pass the apparent absence of the required verified petition for probate under

section 633.290 and sworn testimony by the will witnesses under section 633.295. A contest of this will was on file, and section 633.310 states that under such circumstances "the will shall not be admitted to probate . . . ." We hold that the clerk was without power to admit the will, and the purported admission is without effect. *See In re Estate of Pafelis,* 108 N.H. 265, 267, 233 A.2d 825, 827 (1967); *In re Estate of Davis,* 277 N.C. 134, 142, 176 S.E.2d 825, 829 (1970).

We conclude therefore that possession of real estate cannot be successfully asserted by anyone under the 1969 will pending outcome of the contest. The trial court erroneously held otherwise.

III. *Entitlement to possession.* Who then is entitled to possession? In the absence of statute the answer is, the heirs at law, since traditionally the personal representative has not been concerned with real property. *Floyd,* 64 N.C. at 410. *See also, In re Estate of Acken,* 144 Iowa 519, 528–29, 123 N.W. 187, 190–91 (1909). But statutes have been enacted on this subject here and elsewhere. Section 633.350 of our probate code provides that at a decedent's death title to his property passes to his devisees or heirs, subject to section 633.351 and to the control of the court for administration. Section 633.351 provides:

If there is no distributee of the real estate present and competent to take possession, or if there is a lease of such real estate outstanding, or if the distributees present and competent consent thereto, the personal representative shall take possession of such real estate, except the homestead and other property exempt to the surviving spouse. Every personal representative shall take possession of all the personal property of the decedent, except the property exempt to the surviving spouse. The personal representative may maintain an action for the possession of such real and personal property or to determine the title to any property of the decedent.

The bar committee which drafted the probate code commented as follows on this section (47 Iowa Code Ann. § 633.351, at 40 (1964)):

New. This section as enacted by the legislature permits the personal representative to take possession of all property of the decedent under circumstances set forth therein. The committee recommended to the legislature that such right or duty in the personal representative apply in all cases and was in line with the comment on pages 133 and 134 of the Model Probate Code: "It seems preferable that the personal representative should have not only the right but also the duty of possession of the entire estate until distributed or delivered over to the heir or devisee upon a showing that it is not needed for the purposes of administration." However, the legislature did not concur in the recommendation of the committee.

*See also,* Webster, *Decedents' Estates: Succession and Administration,* 49 Iowa L.Rev. 638, 658–59 (1964).

■ We consider in reverse order the three preconditions to an executor's taking possession of real property, prescribed by section 633.351. The third relates to possession by consent of the parties. This appears inapplicable under present facts. The second relates to an outstanding lease. This appears applicable. Frank occupied the farm under lease; hence the executor would step into the shoes of the decedent-lessor. *Colthurst v. Colthurst,* 265 N.W.2d 590, 595 (Iowa 1978). Since Frank occupied in the capacity of a lessee rather than as devisee or heir, the lease terms and landlord-tenant statutes would apply. To terminate the lease the executor would have to proceed under sections 562.6 and 562.7 of the Code, and then to obtain actual possession over Frank's objection the executor would have to proceed by plenary action in district court, under the last sentence of section 633.351. *See Maddox v. Smart,* 140 S.W.2d 579, 580–81 (Tex.Civ.App.1940). *See also, In re Estate of Anders,* 238 Iowa 344, 349, 26 N.W.2d 67, 70 (1947); § 633.81, The Code; 31 Am.Jur.2d *Executors & Administrators* § 725 (1967); 34 C.J.S. *Execu-*

**6**

tors & *Administrators* § 725, at 715–16 (1942). *Cf. Pierce*, 245 Iowa at 30, 60 N.W.2d at 899–900 (waiver of right to transfer by failure to object); § 633.391, The Code (applicable to sale and mortgage proceedings).

■ The first precondition in section 633.351—no distributee present and competent to take possession—also appears applicable here, when that provision is given a liberal construction with a view to promoting its objects as section 4.2 of the Code directs. Since the two wills were under contest the devises in them were suspended, and the conclusion appears reasonable that no distributee was "present and competent to take possession." To terminate the outstanding lease and obtain actual possession, again the provisions on lease termination would apply and a plenary action for possession would be necessary if the possessor would not surrender possession.

We conclude that the probate court erred in holding that George and Dwayne as devisees are entitled to possession of the farm during the will contest. The executor instead is entitled to possession under the first and second preconditions of section 633.351, and may obtain actual possession by proceeding in the manner we have indicated. In this connection good cause exists in the pendency of the will contest for possession by the executor for longer than nine months from decedent's death. *See* § 633.355, The Code.

The executor's motion for clarification of jurisdiction is overruled as moot. The parties should promptly get on with the will contest to the end that the administration of this estate may be brought to conclusion with a minimum of expense and delay.

REVERSED.