MARGUERITE DUGAN BODZIAK, Plaintiff, v. VINCENT A. THEISEN, Administrator d. b. n. of the Estate of Alice Boyle Hoey, Defendant.

(*November* 19, 1946.)

PEARSON, J., sitting.

*Stewart Lynch* (of the firm of Lynch and Herrmann) for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County.

PEARSON, J.

It appears from the declaration that in 1939, Mrs. Alice Boyle Hoey died intestate, and her two children were appointed her administrators. The latter retained plaintiff, an attorney at law, to counsel them in the administration of the estate. Plaintiff served as their attorney until July 13, 1942. Having paid creditors who demanded payment of indebtedness due at the decedent's death, plaintiff prepared an accounting for filing with the Register of Wills, with the view to closing the administration. On July 13, 1942, the "Register of Wills did * * * award, order and adjudge that the said plaintiff should be paid a fee of Eighty-two Hundred (8,200.00) Dollars for the said legal services rendered by her as counsel and attorney for the said Administrators in administering the said Estate." Plaintiff received $1200 from the administrators as a portion of the "award." In August 1943, the administrators were removed because they "would not completely perform their duties as administrators" and defendant was appointed administrator d.b.n. He proceeded to settle the estate and now holds in excess of $30,000 applicable to the payment of administration costs and creditors of the deceased. Plaintiff alleges that when the original administrators were re-

moved, they were indebted to her for the balance of the "award," that is, $7000, and that defendant has refused to pay this balance. Defendant argues in support of his demurrer that the so-called "award" of the Register cannot support an action of debt. Only this ground will be considered, and hence, it will be assumed, without deciding, that the declaration alleges a valid cause of action if the "award" established a liability of the former administrators to pay plaintiff the sum awarded.

The declaration does not describe the proceeding under which the award was made. Whatever may have been done, we know of no power in the Register to act with respect to fees of an attorney for a personal representative other than in connection with the settlement of an account. When a personal representative files with the Register an account of his administration, the amount of fees for legal services justifiably procured in matters concerning the estate may be allowed as a credit. *In re Walker's Estate,* 13 *Del. Ch.* 439, 122 *A.* 192. It does not appear that the "award" here was an allowance of a credit in an account of the former administrators. In any event, an allowance by the Register of such a credit is not a judgment or decree for the payment of money. *Robinson v. Robinson's Adm'r,* 3 *Harr.* 433; *Wilmington Trust Co. v. Baldwin,* 8 *W. W. Harr.* 595, 195 *A.* 287. In these cases, the Register's jurisdiction under the Constitution of Delaware, Art. IV, Secs. 33, 34 (and under like provisions of earlier constitutions) was discussed, and the view was taken that in adjusting and settling accounts, the Register acts as an auditing or accounting officer, not as a judge or officer with plenary judicial powers. Accordingly, we find no basis for concluding that the "award" established a liability of the administrators which could be enforced by an action of debt. Compare: 2 *Woolley on Delaware Practice,* Sec. 1471.

The demurrer should be sustained.