**In the Matter of the ESTATE of George Morris WHITESIDE, II, Deceased.**

Orphans' Court of Delaware.

New Castle.

Dec. 6, 1968.

Henry M. Canby, Franklin S. Eyster, II, Richards, Layton & Finger, Wilmington, for exceptants.

E. D. Griffenberg, Jr., Asst. County Atty., Wilmington, and Attorney for Register of Wills in and for New Castle County.

QUILLEN, Judge.

On July 6, 1967, the Wilmington Trust Company and George M. Whiteside, III, Co-Executors of the Estate of George Morris Whiteside, II, filed with the Register of Wills of New Castle County a second and final account which included a legal fee in the sum of $350.00 for services rendered the Estate.

The fee represented a payment to a legal tax specialist for an opinion on an Estate tax problem. In particular, the decedent's wife was entitled to certain post-death payments from her husband's partnership pursuant to the firm's partnership agreement, which were excluded from the gross Estate. The Internal Revenue Service questioned such exclusion and the executors obtained the legal advice in issue as a result of the dispute. The matter was compromised and settled.

The Register of Wills refused to allow the $350.00 payment to the tax attorney as an administration legal expense. The Register recognized it was "wise" to seek ad- vice, but held that such expense, in view of the size of the Estate, was not "extraordinary" and therefore should be considered as included in executors' commissions. The Co-Executors, pursuant to Article 4, Section 32 of the Constitution of the State of Delaware, Del.C.Ann., and 12 Del.C. § 2301, filed an exception to the determination of the Register of Wills.

The Exceptants claim initially that the Register of Wills lacks the authority to disallow deductions representing bona fide debts of the Estate.

██ Under Article 4, Section 32 of the State Constitution, the Register of Wills, in adjusting and settling accounts, acts as an accounting officer with no inherent general judicial jurisdiction over the decedent's estate. Robinson v. Robinson's Adm'r, 3 Harr. 433 (Ct. of Err. & App.1842); Wilmington Trust Co. v. Baldwin, 8 W.W. Harr. 595, 195 A. 287 (Super.Ct.1937); In Re Estate of Morrow, Del.Ch., 219 A.2d 137 (Orph.Ct.1966). But it is the plan of our Constitution that the Register of Wills can be given jurisdiction by the Legislature and the Legislature can under certain circumstances superimpose upon the ministerial act of settling the account a judicial function. Wilmington Trust v. Baldwin, supra, at 195 A. 292.

██ The statutory law in Delaware, while not explicitly authorizing the Register of Wills to allow commissions for executors and administrators, has long recognized the power of the Register of Wills to allow such commissions. Such recognition must be considered tantamount to a direct legislative grant. In particular, under 12 Del.C. § 1544, the allowance of double commissions in a case of successive fiduciaries is prohibited. Under 12 Del.C. § 2304, no commission is to be allowed "by the Register of Wills" to any executor or administrator who has not complied with certain requirements of the tax laws. It is therefore clear that the power of the Register of Wills to allow commissions for executors and administrators rests on clear legislative

sanction as well as custom. The case law of Delaware has recognized that the power vested in the Register of Wills includes the discretionary power to make such an allowance as is reasonable under the circumstances of the particular case. In Re Brown's Estate, 28 Del.Ch. 562, 52 A.2d 387 (Orph.Ct. 1944); In Re Walker's Estate, 13 Del.Ch. 439, 122 A. 192 (Orph.Ct. 1923).

It is true that each link in the chain, from the indirect Constitutional enabling to the implicit legislative grant to the judicial gloss of discretion on the legislative grant, is less firm than desirable. But it is settled law and the discretionary power of the Register of Wills to fix executors' and administrators' commissions is well established.

■ Does the chain have yet another link? Does the power to fix executors' and administrators' commissions include the power to allow or disallow fees paid to attorneys by an executor or administrator? This Court is satisfied that the power to fix commissions must necessarily include the power to pass upon the expenses of administration such as attorneys' fees.

This power was expressly recognized in the *Brown* case, supra, at 52 A.2d 397 where the Court said:

"* * * The amount allowed [executors and administrators] for their services in connection with the settlement of estates is not only intended to cover all the work performed by them but also the trouble and incidental expenses which may be incurred thereby. Where it is necessary for them to employ persons to care for the property or to perform certain services which they are unable to perform, they are entitled to an allowance for this expense."

In this regard, it has been recognized specifically, although admittedly not challenged, that the Register of Wills has discretionary power in fixing attorneys' fees. In Re Walker's Estate, supra, at 122 A. 194-195.

■ The power over administrative legal expenses exists as a necessary incident to the power to fix commissions of personal representatives. In the present case, the Register of Wills held that the commission allowed fairly included an allowance for the attorney fee in question. He could have accomplished exactly the same result by allowing the attorney fee as an independent item and reducing the executors' commission accordingly. No significance should be attached to the fact that the Register achieved a result within his authority by using one method rather than another.

In spite of a traditional semantic approach to the contrary, this Court sees no real value for the instant purpose in labeling the discretionary power over attorneys' fees as judicial in nature or accounting in nature. Cf. Wilmington Trust v. Baldwin, supra, at 195 A. 292 and Bodziak v. Theisen, 4 Terry 487, 50 A.2d 409 (Super. Ct.1946). It is significant only that the discretionary power of the Register of Wills to fix administrative attorneys' fees exists as a necessary incident to the power to fix commissions of personal representatives.

■ At oral argument, exceptants argued that, even assuming the Register of Wills has the power to set executors' commissions and attorneys' fees, the fee schedule established by the Register, which reflects the total allowable amount for the commission of the personal representative and the fee of the attorney, is an improper method for the exercise of such power. Quite the contrary would appear to the Court. The fee schedule is used as a tool to introduce some standards in a difficult area. It provides notice of general policy and an extremely useful guideline. The Register of Wills does not take the position that the fee schedule must be followed blindly and arbitrarily, but rather reserves the right to allow a greater or lesser amount. His discretion is preserved and some semblance of standards and uniform-

ity is introduced. Many states by statute have similar schedules based on the size of the estate. In Re Brown's Estate, supra, at 52 A.2d 397. Indeed, risk has been recognized as one of the factors which should be considered in fixing executor or administrator commissions. In Re Walker's Estate, supra, at 122 A. 193. This Court finds nothing improper in the current use of the fee schedule established by the Register of Wills.

■ The exceptants have also suggested at oral argument a somewhat contrary objection. They argue that such discretionary power without any standards leaves personal representatives and attorneys at the mercy of the Register of Wills. Whenever the power to fix commissions and fees exists, the discretion is indeed wide. But common experience can dictate standards including such factors as custom, time, degree of expertise, and charges for comparable services. Insofar as standards are concerned, the Register of Wills with such discretion is in essentially the same position as a Court with such discretion. His judgment must be reasonable and it can be adequately reviewed for abuse.

■ Since the Court has concluded that the Register of Wills has discretionary power to fix executors' commissions including the allowance of attorneys' fees, review is properly limited to the issue of whether the Register in a given case abused his discretion. Aaron v. Parsons, 37 Del. Ch. 407, 144 A.2d 155 (Sup.Ct.1958); Chrysler Corporation v. Dann, Del.Ch., 223 A.2d 384 (Sup.Ct.1966). The question here becomes whether there was an abuse of discretion on the Register's part in his disallowance of the tax specialist's fee as a separate item of administrative expense.

■ The case involves a gross estate of slightly over $600,000.00 and the commission allowed by the fee schedule, which is to be followed by the Register in this case, is slightly over $15,000.00. It is undisputed that the tax attorney's fee of

$350.00 was incurred by wise and proper estate management. It is also undisputed that the problem demanded the services of an expert and was beyond the range normally covered by the average general legal practitioner.

While the precise estate tax problem involved is unusual, it is apparent that estate tax implications and consequences are present in many estates of comparable size and it is typical in such cases for it to be necessary to seek expert advice in the estate tax area. The Register therefore felt that the dimensions of the problem and the expense incurred here were ordinary and usual items which the scheduled allowance was intended to cover. To this extent, and contrary to the argument of the Executors, the Court thinks that the modest investment of time and money is one of the factors which the Register can properly consider in the exercise of his discretion.

There are many facts of considerable persuasion in support of the position taken by the Exceptants. The matter clearly involved the need of a specialist in a narrow area of estate taxation. The issue had in fact been raised by the Internal Revenue Service. The opinion obtained from the expert was helpful in a settlement of the existing dispute. The fee charged, whether judged by a time or product basis, was reasonable. The dispute was such that it was wise administration, if not a fiduciary duty of the Executors, to seek the advice.

But, on the other hand, the Executors did receive a fee of over $15,000.00. While the Executors discredit the fee schedule, in order to except to the disallowance here involved, they nonetheless claim a fee based on that schedule without any showing of record as to the time, skill, and effort required to administer the Estate. In modern estate practice, there are many variables from one estate to another and it is the unusual estate that does not involve some relatively unique wrinkle. Since no

two estates are alike, in fixing a guideline fee schedule, there are a class of variable legal expenses, not present in every case, which must of necessity be considered as included within the guidelines.

On the basis of the record in this case, this Court cannot say that the conclusion of the Register of Wills was unreasonable. There was no abuse of sound discretion on the part of the Register.

The determination of the Register of Wills is affirmed. It is so ordered.