In the Matter of the ESTATE of George Morris WHITESIDE, II, Deceased.

WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, and George Morris Whiteside, III, Co-Executors of the Estate of George Morris, Whiteside, II, Exceptants-Below, Appellants,

v.

The REGISTER OF WILLS IN AND FOR NEW CASTLE COUNTY, Appellee.

Supreme Court of Delaware.

Aug. 12, 1969.

Henry M. Canby and Franklin S. Eyster, II, of Richards, Layton & Finger, Wilmington, for exceptants-below, appellants.

Clarence W. Taylor, County Atty., Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

In this appeal from the Orphans' Court, the executors of the estate of George Morris Whiteside, II, seek reversal of an order which affirmed a ruling by the Register of Wills refusing to allow the amount of an attorney's fee as an expense of administration. See 248 A.2d 621. The fee was paid to a lawyer who specializes in tax law, and was in addition to the amount paid those attorneys who advised the executors concerning all other problems of the estate. Two issues have been raised here: (1) Does the Register of Wills have the discretionary power to strike from a final account an attorney's fee actually incurred and paid by the executors? and (2) If the power exists, was it abused in this instance? Because of our

holding that the power does not exist, we do not reach the second question.

It appears that there were certain difficult and complicated questions concerning the taxes to be paid from this estate; that the solution to those problems required the advice and assistance of an attorney who was a specialist in that field; and that the attorney so employed was not connected with the firm which was representing the executors in other matters, but was called in upon the advice of that firm. It also appears that, because of his research and suggestions, the executors were able to make a settlement with the tax authorities which was of substantial benefit to the estate. Although the Register agreed that the expenditure was a wise one, he disallowed the fee, stating that it ought to be paid out of the commissions allowed to the executors. He did not question the amount of the fee, which is conceded to be reasonable. Exceptions to this disallowance were filed by the executors in the Orphans' Court, which affirmed the Register's action. No beneficiary of the estate appeared either in the Court below or in this Court and, at the request of the Court below, the County Attorney appeared in support of the ruling.

We are informed that, at sometime prior to the filing of the account herein involved, the Register had promulgated a fee list for New Castle County showing the total amounts which would usually be allowed as commissions and attorneys' fees, reserving to himself the right to allow, upon petition, a greater or lesser amount in individual cases. This fee list is based upon the size of the gross estate, and the allowances therein are flat percentages as commission and counsel fee combined. In the present case, the Register stated that, in an estate of this magnitude, services such as those rendered by the tax attorney are not extraordinary, and he accordingly refused to make an allowance exceeding that allowed under the promulgated list.

Two sections of the Delaware Constitution, Del.C.Ann. specifically deal with the Register of Wills. Article 4, § 31 states that he shall "hold the Register's Court", but it does not define the jurisdiction of that Court, leaving it to the Legislature to define its powers and duties. Wilmington Trust Co. v. Baldwin, 8 W.W. Har. 595, 195 A. 287. Article 4, § 32 requires accounts of personal representatives to be filed with the Register, who shall examine, adjust and settle them. These provisions have long been interpreted as meaning that the Register constitutes a Court for certain purposes, and an accounting officer for other purposes. Robinson v. Robinson's Admr., 3 Har. 433; In Re Estate of Morrow, Orphans' Ct., 219 A.2d 137; 1 Wooley on Delaware Practice 50.

When performing his judicial functions, the Register constitutes a Court of limited jurisdiction and has no judicial authority except that which is conferred upon him by the Constitution or statutes. Cf. In Re Burton's Estate, 30 Del.Ch. 615, 59 A.2d 278; Wall v. Wall, 123 Pa. 545, 16 A. 598. No provision is found in either Delaware's Constitution or its statutes expressly conferring upon him the right to exercise judicial functions in settling accounts; as to them, he is purely an accounting officer. Bodziak v. Theisen, 4 Terry 487, 50 A.2d 409; Theisen v. Hoey, 29 Del.Ch. 365, 51 A.2d 61. Thus, in the *Morrow* case, *supra*, it was held that he had no authority to establish a general rule allowing in accounts "as a debt of the deceased only one-half of the balance of any mortgage owed on property held by the deceased and a surviving spouse as tenants by the entirety." Determination of such a matter involves the exercise of judicial powers not conferred upon him. In our opinion, determination of the amount proper to be included in an account for attorneys' fees falls into the same category; it is the exercise of a judicial function not vested in the Register by statute or Constitution. Accordingly, we hold that the Register lacks the power to dis-

approve legal fees properly supported by voucher.

The contention accepted by the Court below is that the power to approve or disapprove attorneys' fees, or the amount thereof, is necessarily included in the power to fix commissions, in that the Register can effectively disallow the fee by reducing the commission which would otherwise be allowed. It is then suggested that, since he can thus indirectly control counsel fees to be paid out of the estate, is no reason why he should not do so directly. This argument assumes that the Register, *as an accounting officer*, has the power to set commissions to be allowed the personal representative—a proposition that is perhaps doubtful. At first glance, two statutes seem to give implied recognition to the Register's right to determine commissions. These are T. 12 Del.C. § 1544 and § 2304. In fact, the first of these two sections simply prohibits the allowance of double commissions when part of the estate's assets passes from one representative to a successor. The other section (§ 2304) requires that no commission shall be allowed "by the Register of Wills" to any personal representative who has not complied with the requirements of the tax laws pertaining to estates. Whether it is proper to say that these sections constitute an implied recognition of the Register's right to control commissions is a question we need not presently answer. Nor is there any need in this case to determine whether the Court, in the two cases of In Re Brown's Estate, 28 Del.Ch. 562, 52 A.2d 387, and In Re Walker's Estate, 13 Del.Ch. 439, 122 A. 192, intended to recognize such a power in the Register. For present purposes, we will assume that he has the claimed power over commissions either as a judicial or an accounting officer.

█ Even upon the basis of such an assumption, we must disagree with the Court below in concluding that the authority to control the amount of attorneys' fees is a necessary incident to the right to fix commissions. In our opinion, the two matters are entirely separate and distinct. The commission represents compensation to the personal representative for his own services in collecting the assets, checking into and paying bills, and performing the various duties which may be necessary, and his trouble and *incidental* expenses incurred thereby. In Re Brown's Estate, *supra*. But, when he is obliged in good faith to employ others in order to properly protect the interests of the estate, he is entitled to credit for them. In Re Walker's Estate, *supra*; In Re Brown's Estate, *supra*. We are given no reason why an executor's commission should be affected simply because he finds it necessary to employ legal counsel. Under the plan which has been adopted by the Register, an executor would frequently be in doubt as to whether or not to employ counsel. There would be a financial incentive to refrain from doing so.

█ Our view that the Register has no power to disapprove an attorney's fee supported by a proper voucher is reinforced by the procedure established for passing an account. Art. 4, § 32 of the Constitution prescribes that the personal representative shall file his account with the Register, who shall examine the particulars with the proofs thereof in the presence of the personal representative. It then provides that exceptions may be filed within three months time by persons concerned in the matter, but the exceptions are filed with the Orphans' Court, which is authorized to hear them and to adjust and settle the account. Thus, the passing of the account is done by the Register in the presence of the representative *without any notice to* the beneficiaries. They are *thereafter* notified that the account has been passed and approved by the Register. There is no provision under which interested parties other than the representative can come before the Register and make objections to anything contained in the account. It is the Orphans' Court which is given the right to exercise the judicial function of

hearing the parties and determining the merits of the objections.

We think the time has arrived when this Court should express its view that our present statutes governing the settlement of decedents' estates are far from satisfactory. They are antiquated and deserve a thorough revision. Some of the procedures are unsupported by statute, depend upon custom, and are not uniform throughout the state in some respects.

In our opinion, the fee here discussed should be allowed without reduction of commission. The opinions of both the Register and the Orphans' Court make it plain that both of them considered it to be reasonable in amount and a proper expenditure for the benefit of the estate.

The Order entered below will accordingly be reversed.