**In the Matter of the ESTATE of Mary Emily Johnston REED, Deceased.**

Court of Chancery of Delaware, New Castle.

Oct. 21, 1970.

James T. McKinstry, of Richards, Layton & Finger, Wilmington, for Wilmington Trust Co., Executor Under the Will of Mary Emily Johnston Reed, appellant.

Peter Warren Green, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for Elizabeth L. Carroll.

Joseph M. Kwiatkowski, Wilmington, Administrator *pendente lite*.

DUFFY, Chancellor.

This is an appeal by an Executor, Wilmington Trust Company, from an order of the Register of Wills revoking letters testamentary and appointing an administrator *pendente lite*. Jurisdiction is vested in this Court by 12 Del.C. § 1571 which abolished the Orphans' Court and transferred most of its jurisdiction here. See also Chancery Rule 184.

A.

Mary Emily Johnston Reed died testate on January 8, 1970. A writing dated March 11, 1963 was proved and allowed by the Register of Wills on January 20, 1970 as her will. Wilmington Trust Company was the named executor and letters testamentary were issue to it by the Register on January 20. The Bank qualified and proceeded to actively administer the estate.

On June 12 the Testatrix's sister and sole next of kin, Elizabeth L. Carroll, filed a petition for review of proof of the will.[1] The petition alleged that the Testatrix was incompetent to make a will and execution was obtained by undue influence.

The Register entered an order, *ex parte* and without notice to the Executor and without a hearing, which, among other things, revoked the letters testamentary and appointed an administrator *pendente lite*. The parties understand that the Register took this action for the purpose of placing assets, papers and personal effects of the estate in impartial hands during the litigation. No facts, however, have been alleged attacking the Executor's impartiality and Mrs. Carroll concedes that the Executor's integrity is not in question.

B.

The appeal raises a single question: did the Register have power to revoke the letters testamentary before completion of the procedure provided in 12 Del.C. § 1310? I conclude that he did not.

The Register has no judicial authority except that which is conferred upon him by the Constitution and by statute. In re Estate of Whiteside, Del.Supr., 258 A. 2d 279 (1969). There are five statutory sections giving the Register power to remove an executor.[2] Here the Register did not state any reason for the revocation, nor did he identify a statute under which he acted. The only reasonable inference, however, is that he was relying upon 12 Del. C. § 1310(a). None of the other statutes appear even remotely applicable.

12 Del.C. § 1310(a) provides:

"Any person interested who shall not voluntarily appear at the time of taking the proof of a will, or be served with citation or notice as provided in section 1304 of this title, shall at any time within six months after such proof have a right of review which shall on his petition be ordered by the Register; * * *. Upon such review there shall be the same proceedings as upon a caveat, and the al-

---

1. I have regarded Elizabeth L. Carroll as a party in interest on the appeal and, at my request, her counsel has filed a brief in answer to that filed for Wilmington Trust Company.

2. The Register may remove an executor: (a) in a review of the proof of a will (12 Del.C. § 1310(a)); (b) for failure to furnish bond (12 Del.C. § 1530); (c) for neglect of duties (12 Del.C. § 1541 (a)); (d) upon the request of the State Tax Department (12 Del.C. § 1541(b)); (e) upon petition by the executor (12 Del.C. § 1547).

lowance of the will and granting of letters may be affirmed or the will rejected and the letters revoked."

Under the statute every person thus has a right of review which "shall" be ordered by the Register and and upon that review there "shall" be the same proceedings as upon a caveat. The statute itself does not state a review procedure, nor does it authorize revocation of letters upon filing of a petition. Caveat proceedings are governed by 12 Del.C. § 1309, which directs that the " * * * Register *shall* appoint a time for hearing and award citations for the parties interested, * * * " (Emphasis added.)

■■ The statutory language as to both review and caveat proceedings is explicit and mandatory and the Register is bound to follow it. A hearing and decision on the validity of the will must precede affirmance or revocation of the grant of letters. That is what is meant, and required, by § 1310(a). Obviously, there cannot be an affirmation or rejection of the will before completion of review proceedings and the power of revocation is tied to the same condition by the statute.

■ Mrs. Carroll argues that § 1310 should not be strictly construed in light of 12 Del.C. § 1507(c), which provides:

"Administration during the pendency of a litigation concerning a will, or the right to administer, or during the absence of an executor, may be granted according to the Register's discretion."

The discretion which the Register "may" exercise under this statute does not negative, however, the statutory procedure which the Register "shall" follow under § 1310 before he may revoke letters already granted. Such letters are at least presumptively valid as a result of the admission of the will to probate and the Register's grant of authority under it. Certainly the mere filing of a petition for review should not, without more, create an inference of invalidity and upset an orderly administration then in progress. I need not discuss the scope of § 1507(c) at this time, except to say that it does not explicitly authorize revocation of a grant of letters and I do not find authorization there by implication, in this case.

The case will be remanded to the Register of Wills with a direction to revoke the grant of letters to the Administrator *pendente lite* and reissue them to Wilmington Trust Company.